IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA**
   **Plaintiff**

v.

**ESTEBAN GALVAN-VELEZ**
   **Defendant**

**Criminal No. 99-315(DRD)**

## MAGISTRATE-JUDGE'S REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

**A.   Factual and Procedural Background**

Upon being charged and convicted for a violation of Title 21 U.S.C. § 841(a)(1) and 846, releasee Esteban Galván-Vélez (hereafter "Galván"), on November 15, 2002, was sentenced to serve a 60-month term of imprisonment and a 4-year term of supervised release. On April 2, 2004, upon being released, he began to serve his term of supervised release.

On March 22, 2005, the U.S. Probation Office filed "Supplement to Motion Filed on October 8, 2004, and Request for the Issuance of an Arrest Warrant" (**Docket No. 1477**)[1] wherein it was alleged that releasee Galván has violated his conditions of supervised release as follows:

1. On January 24, 2005, and March 3, 2005, he had failed to report for urinalysis as previously instructed ; and

---

[1] Through a motion filed on October 18, 2004, the U.S. Probation Office notified the Court that releasee Galván had violated his conditions of release by having been arrested and charged with violating the Puerto Rico Controlled Substances laws. Within the motion it was also notified that releasee Galván had tested positive to the use of cocaine on two occasions and would be referred for substance abuse treatment depending on whether local authorities placed him in custody (**Docket No. 1472**). The Court gave instructions for defendant to be provided with substance abuse treatment and requested that it be kept abreast of the final disposition of the pending case in state court (**Docket No. 1473**).

Criminal No. 99-315(CCC)__                                                                                                  Page No. 2

    2.    He was arrested on March 16, 2005, by state authorities and charged for violating the Puerto Rico Controlled Substances laws. At the filing of the motion, releasee was a fugitive. Trial has been set for April 28, 2005.

The Court ordered the issuance of a warrant of arrest and releasee Galván was brought before the Court on April 4, 2005. A Show Cause Hearing was set for April 8, 2005, before the undersigned (**Docket Nos. 1478, 1479**).

**B.**    **Show Cause Hearing**

On April 8, 2005, a hearing was held to afford releasee Galván the opportunity to show cause as to why the term of supervised release originally imposed on November 15, 2002, should not be revoked (**Docket No. 1482**).

At the hearing, releasee Galván was advised of his constitutional right to remain silent, to present witnesses on his behalf and cross examine those to be presented by the government. While assisted by Assistant Federal Public Defender Francisco Valcárcel, releasee Galván waived these rights and admitted the violations charged.

U.S. Probation Officer Yarixa Vázquez stated that releasee Galván has tested positive to the use of cocaine on six (6) occasions. Although he has been referred for drug rehabilitation treatment on three (3) occasions, he has not benefitted from the treatments. He is presently on bond from charges imposed in October 2004 by state authorities for allegedly selling cocaine.

**C.**    **Conclusion**

In having been charged with violations to the Puerto Rico Controlled Substance laws and failing to abide by the conditions of release, releasee Galván has violated his conditions of supervised release. Pursuant to U.S.S.G. § 7B1.1(a)(3), the same constitutes a Grade C violation which the probation

officer elected to report upon having determined that such violations constituted a pattern of conduct that clearly violated the conditions of release.  *See* U.S.S.G. § 7B1.2(b).

Section 7B1.3(a)(2) establishes that upon finding a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision."  Were this Court to revoke the term of supervised release, §§ 7B1.3(b) and (c) do provide the criteria upon which sentence is to be imposed.  In such revocation proceedings, the applicable range of imprisonment will be that set forth in § 7B1.4; provided that the applicable criminal history category (CHC) to be utilized in determining the applicable guideline range will be the CHC "under which defendant was originally sentenced to a term of supervision."

The records in possession of the U.S. Probation Office reflect that releasee Galván, when originally sentenced, was placed within a CHC of "I."  Considering a CHC of "I" and the fact that he has incurred in a Grade C violation, were this Court to revoke the term of supervision, releasee will be subjected to a guideline imprisonment range of three (3) to nine (9) months (§ 7B1.4(a)).

Based on the evidence presented, it is determined that there are grounds on which to have the supervised release term, originally imposed on November 15, 2002, revoked.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(a) of the Local Rules of Court.  Any objections to the same must be specific and must be filed with the Clerk of Court **within ten (10) days** of its receipt.  Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b).  Failure to timely file specific objections to the Report and Recommendation is a waiver of the right to review by the District Court.  *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).  The parties are advised that review of a Magistrate-Judge's Report and Recommendation by a District Judge does not necessarily confer

entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate-Judge. *Paterson-Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

**SO RECOMMENDED.**

At San Juan, Puerto Rico, this 13th day of April, 2005.

                                                 S/**AIDA M. DELGADO-COLON**
                                                 **U.S. Magistrate-Judge**